Law Library

ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

'09 MAR -2 AM 10: 40

CLERK OF COURT

## IN THE SUPERIOR COURT
## OF GUAM

People of Guam,                              )   Criminal Case no. CF133-06
                                             )
                    Plaintiffs,              )   **DECISION AND ORDER**
v.                                           )   re: motion to dismiss.
                                             )
JONATHAN C. IRIATE,                          )
JOSHUA D. BARCINAS aka JOSHUA                )
CHARGUALAF, KARL THOMAS                      )
CORPUS, RICARDO JESSE P.                     )
QUINTANILLA,                                 )
                                             )
                    Defendants.              )
                                             )

This matter came before the Honorable Judge Michael J. Bordallo on January 26, 2009. Plaintiffs were represented by Assistant Attorney General Susan Horrigan. Defendant Quintanilla was represented by Attorney F. Randall Cunliffe. Defendant Corpus was represented by Attorney John C. Terlaje and Defendant Iriarte,[1] was represented by Attorney Loretta Gutierrez Long. Having considered the arguments and reviewed the memoranda presented, the court now issues the following decision and order denying Defendant's motion to dismiss .

### BACKGROUND

This matter arises out of an Indictment, signed and returned by the Grand Jury and filed by the People of Guam on March 24, 2006. Counts One, Two and Three of the First Charge of the Indictment contain handwritten interlineations replacing the word burglary with theft. Counts One and Two of the Second Charge contain handwritten additional language including Section 43.20(a) of the Guam Code.

---

[1] Defendant Iriarte in his motion to join also requests that Counts One and Two of the indictment be dismissed. This request is not supported with any supporting grounds or law.

ORIGINAL

**DISCUSSION**

Defendant Quintanilla requests that this court dismiss Count 3 of the First Charge of the Indictment because the interlineation replacing the word burglary with theft is not initialed and does not indicate when the interlineation occurred. *Mem.* at 1. Defendants in support of this request argue that the interlineation is an amendment that does not comply with Sections 50.54 and 55.20 of the Guam Code Ann. Plaintiffs do not respond in opposition to Defendants' motion.

Section 50.54 of the Guam Code provides,

> Form of Indictment: Standards for Indicting.
> (a) An indictment is an accusation in writing, presented by the grand jury to a competent court, charging a person with a felony or a felony and a related misdemeanor.
> (b) The grand jury shall find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it.

8 Guam Code Ann. §50.54 (2008).

Also, Section 55.20 of the Guam Code provides,

> Amending Indictment or Information.
> The court may permit an indictment or information to be amended upon the application of the prosecuting attorney at any time before verdict or finding if no additional [or] different offense is charged and if substantial rights of the defendant are not prejudiced.

*Id.* at §55.20.

Defendants' arguments imply a presumption of amendment or alteration, for handwritten interlineations or additions. However, this presumption is not supported by any statue or legal precedent. Sections 50.54 and 55.20 do not prohibit handwritten interlineations upon an original indictment. Rule 5.1 of the Superior Court requires that, "All papers presented for filing shall be . . . . presented by typewriting, printing, or other clearly legible reproduction process, and shall appear on one side of each sheet only. All

papers shall be double-spaced with a minimum of 12 point font . . . ." Super. Ct. Guam R. 6.1 (2008). The court is not persuaded that a violation of this rule necessitates dismissal.

Absent some showing to the contrary, the court is to presume that the original Indictment filed with the court upon the Grand Jury signing it contains all the information presented to that Grand Jury. Absent a showing that the Indictment herein contains information that was not properly presented to the Grand Jury the court is unwilling to grant Defendants' request.

## CONCLUSION

For the reasons set forth above Defendants motion to dismiss is denied.

SO ORDERED this 2 day of March 2009.

Honorable Michael J. Bordallo
Judge, Superior Court of Guam